14777

PORTER v. WASHINGTON
(199 S. E., 863)

12

*Mr. A. L. Hamer,* for appellant,

*Mr. C. R. Burbage,* for respondent,

November 29, 1938.

The opinion of the Court was delivered by MR. CHIEF JUSTICE STABLER.

The plaintiff asks in this case to be put in possession of certain premises occupied by the defendant. It appears from the agreed statement of fact that the action was commenced on August 9, 1936, by service on Washington of a motion to quit, and that his answer and return thereto raised the question of title. It also appears that the plaintiff then served her complaint, in which she alleged that she purchased the real estate described therein, six acres of land with buildings thereon, from the Forfeited Land Commission of Charleston, the owner in fee simple; that this property had been levied upon and sold for taxes under an execution issued in the name of the defendant, and was thereafter duly conveyed to the land commission. The answer to the complaint was a denial that the real estate claimed by plaintiff in this action was ever sold for taxes or purchased by her as alleged. The matter was referred to the Master in equity for

Charleston County. After holding several references, he filed a report, in which he found as a matter of fact that the contentions of the plaintiff were true, and recommended that she be put in possession of the premises in dispute. On exceptions by the defendant, the matter was heard by his Honor, Judge Grimball, and from his order confirming the report, this appeal was taken.

While the transcript of record is not as full and satisfactory as might be desired, we think, from an examination of it, that the findings of the Master are sustained by the evidence; and that the questions raised by defendant's exceptions in the Court below—and renewed here on appeal—were properly disposed of by the Circuit Judge. The appellant did not attempt to show on the hearings before the Master what personal property, if any, he owned at the time the real estate in question was sold under the tax execution. In fact, the only contention set up in his answer, as we have indicated, and to which the testimony offered by him before the Master was directed, was that the tract of land which the plaintiff claimed she had purchased was not the real estate which had been sold for taxes, as alleged by her. The Master found, however, that the premises levied upon and sold under the tax execution was the property of the defendant; that a valid levy and sale were made, and that in due course the property was sold to the Forfeited Land Commission, which thereafter conveyed it to the plaintiff. All findings of fact of the Master, as we have said, were concurred in by the Circuit Judge, and there was some testimony to sustain such findings.

As to the contention of the appellant that a survey of the land in question should have been ordered by the Court, it does not appear from the record that a survey was asked for by the defendant at any hearing had before the Master. And in view of the testimony already referred to, no good reason appears why the Court should have ordered a survey of its own motion, if at all.

We are satisfied with and approve the findings and conclusions of the Master, and his report will be incorporated in the report of the case.

The order of the Circuit Judge is affirmed.

MESSRS. JUSTICES BONHAM, BAKER and FISHBURNE concur.

MR. JUSTICE CARTER did not participate on account of illness.